Thank you, Your Honor. Mark Sussman on behalf of Carlos Orantes-Arriaga. This is an appeal from the District Court's denial of Mr. Orantes' motion for resentencing in the U.S.C. 4582-C2. In 1991, Mr. Orantes was sentenced to a life term of imprisonment based on a drug and other convictions. Part of the calculation was based on a base offense level for the drug quantities of a level 40. In 1994, Amendment 505 to the Guidelines was enacted, which capped the base offense level for drug quantities of 38 and made that amendment retroactive. Mr. Orantes filed a motion for resentencing in January of 2006 under 3582-C2 and asking the Court to recalculate his sentence guideline range applying the Amendment 505. And because this motion was filed after the decision of the United States Supreme Court in Booker, to resentence him based upon the application of the advisory guidelines instead of the mandatory sentence guidelines Mr. Sussman, I wonder if you could help me with this. The statute refers to a change in the sentencing range. Not the base offense, but in the sentencing range. And in this particular case, the sentencing range for your client was the same before and after 505, was it not? Yes, it was. And I think that's the issue that remains, I think, unresolved and is, I think, the key issue in this. He was a lifer before, a lifer after. Why does 505 apply here? Well, I would say that this Court's decision in United States v. Hicks is controlling, you know, in this particular case and provides, although it is not directly on point, does not answer that specific question, provides guidance for the Court's determination in this case. What Hicks ruled was that a, that Booker would apply in all contexts to a, and including a resentencing motion under 3582c2. In this case, in the district court, there was no question and the government did not contest the fact that the issue was properly before the court under 505. The, what, you know, what Hicks, you know, tells us is that once that issue is before the court, then the district court can resentence the defendant who, and it allows the district court to recalculate the defendant's sentencing range using the newly reduced guideline. And I think, and then determine an appropriate sentencing according to 3553 factors. Now, again, while that does not specifically resolve the issue, what that, what the Court in Hicks suggests is that because we are applying Booker and it is a, an advisory guideline range, we don't presume the consequence, which is essentially the government's argument, that the, you know, the fact that the, under the amendment, the guideline range may be the same, it may result in a hint. In this case, it was still a life sentence. What, what, what do you achieve? I'm trying to understand how your client is really going to benefit. If you take your argument and you extend it out, a life sentence is a life sentence. How does he benefit? How he benefits is that because the issue was properly before the court under 505, the court then is allowed to consider the sentencing factors in 3553 and determine whether the life sentence was an appropriate range or whether to impose a sentence less than life. So, you're, you're suggesting that Booker requires us, in effect, or the combination of Booker and 505 requires us to send this back to the district court, for the district court to consider 3553 characteristics of basically resentencing ab initio. I wouldn't go so far as to say a resentencing ab initio. But it does allow, but it, but, but it does tell us that in the, in the context of a 3582C2 resentencing where an amendment has been made retroactive and that is applied and the person is properly before the court, then the person is, then the defendant is entitled to receiving a sentence. And what the district court in this case held was that Booker did not apply. So it didn't even get to the issue of whether it could consider the other factors that were raised that might justify departure or, you know, or a sentence outside the five-line range. The district court followed the line of basis which held it, basically held it. Booker, it could, was not, could not apply to, or the defendant couldn't use 3582C2 to come in under Booker and have Booker apply retroactively. I appreciate your argument, counsel. I just, I'm, I'm still struggling with the fact that given the numbers, even if you send it back and the district court re-figures all of this, what's the, I assume you would want a new pre-sentencing report and the whole business, but I don't know about that. Is that, do you want that or you don't want that? No, I, I, we, we, we didn't ask for that in the, in the hearing in the district court. We were not, we were not asking for that. We presented evidence to the district court of other factors that would, that would justify or that the court should consider in, in granting a sentence of less than life. There were the factors that were argued in the court involved circumstances of Mr. Provanti's conditions of confinement that were extremely harsh. He was severely and permanently brain damaged as a result of attacks. There was a reduction given to another inmate, a co-defendant who received, who did receive a term of life. And we asked the court to consider those. However, the court did not get to that point because the court held not that the, the court didn't have jurisdiction to even look at it because the, the range wouldn't be reduced. And, and I, and I do appreciate that. I'm just trying to get, I'm a practical person. I'm trying to get to the bottom line here. And the, the, the district court, there was a guideline calculation of 38 plus 8 level of enhancement. Anything above a 43 is a life sentence. So, I, I guess my, my question is, even if this court were to do what you wanted, where does your client benefit? I mean, do you think that the district court's going to have some kind of an epiphany? There's no new pre-sentencing report. Why is the district court going to change anything? Well, I think that's a matter for the court to, that's a matter for the court's discretion in applying the advisory guidelines. And, I mean, and here again, I want to refer this court to one of the, the comments that this court made in Hicks. Simply because the defendant, as in that case, is not entitled to a sentence reduction as a matter of right, it doesn't mean he's not entitled to one as a matter of discretion. So, basically, your client has nothing to lose. Is that what you're saying? This is, this is precisely. This is the only, he's before the court asking the court to exercise discretion based upon new information that wasn't available previously to consider whether a term of less than life is appropriate. And he's, and because 5505 applied this amendment retroactively and allowed him to appear before the court, now that Booker is, applies to this proceeding and it makes that, the guideline applications advisory, then the court has that discretion to consider. Do you want to save your last minute and a half for rebuttal? Yeah. I'll save a minute for rebuttal. And what I simply wanted to point out is that if we accept the government's argument and, by extension, the question that you're asking me, in essence, what you've done is in, before we even get in there, we make the guidelines mandatory in its application by saying that since the, even if we looked at the reconstituting the guidelines and it's still a life sentence, you don't even get into the court because there's no change. Thank you. Thank you. May it please the court. Tom Edmonds appearing on behalf of the United States. I'm an assistant United States attorney here in the District of Oregon. I appear also on behalf of my colleague, Mr. Hubb, who appeared below and submitted the brief to the court. This is an issue of jurisdiction. Judge Smith's question to counsel provokes the issue that the government has argued in its briefing, but it goes beyond whether the defendant can achieve anything in the district court. It's a matter of whether he can even appear in the district court and have the district court exercise jurisdiction. This judgment was final in 1993 when the Supreme Court denied the defendant's petition for cert. And when that judgment became final, the law says there are very limited circumstances under which a district court regains jurisdiction to re-sentence a defendant. Rule 35, 2255, and in this case 3582C2. 3582C2 is the theory that the defendant brought his motion before the district court in this particular situation. And when he filed that motion, he had the burden of proof of showing that the court had jurisdiction to hear his cause. And it did not have jurisdiction. Now, I submit, and the record's very clear, that the government did not take that position at the hearing, but we have taken that position in our brief. And the issue of jurisdiction is alive and remains alive. It is not an issue that the court can waive. And this issue of jurisdiction really boils down to analysis of the plain language of 18 U.S.C. section 3582C2. In the case of a defendant who has resented to a trauma. Mr. Edmonds, if you can, if we can assume arguendo that there is jurisdiction, does the government concede that under Hicks that we would have no choice but to reverse and remand to the district court for resentencing under 3553A and the guidelines? And the guidelines as an advisory set of guidelines. So we would concede that Hicks would control that. But this case is very distinguishable from Hicks. I understand. And your argument is the jurisdictional issue. And Hicks makes it very clear because Hicks went through that analysis of looking at Mr. Hicks' sentencing range pre-amendment and post-amendment. And it's very clear that in the course of his analysis, it determined that his range when he was first sentenced was 360 to life, and that it had changed by virtue of the amendment to 292 to 365. And, Judge Smith, you've seized on the issue that in both circumstances, before and after the defendant remained above level 43, which requires a life sentence. In fact, the commentary to the sentencing table says that all levels above 43 get treated as 43. Well, he's been 43 all along, and he'll remain that. But this really is an issue of jurisdiction. And because of the limitations placed on the power to resentence, we ask that this Court recognize those limited circumstances and hold that the defendant never had jurisdiction to be resentenced, and therefore the application of Booker is irrelevant because we don't get into court. We don't get through the doorway of a resentencing in this particular case. There is means by which this Court can affirm the judgment of the district court. I cite United States v. Chowdhury, which stands for the proposition that the Court can affirm the district court on any basis that finds support in the record. And the record supports that there was no jurisdiction, and therefore the decision of the district court, albeit a very different one than the one we're asking for, was correct in denying the 3852C2 motion. On the face of the statute, how do you respond to this? The 3582C says, and I'm just quoting a part here, it allows resentencing in quotes, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Are you hanging your hat on the idea that the sentencing range has not changed? Yes. I am hanging the hat on the fact that it hasn't changed, and I'm also looking to the accompanying guidelines that come alongside of 3852C2, because they're important. Under Stinson, a Supreme Court case, the guidelines commentary and the guidelines themselves are controlling if they're not in conflict with the statute or unconstitutional or in some way inconsistent with the rest of the guidelines. And the Application Note 1 to Section 1D1.10 speaks to the very issue of jurisdiction that I'm talking about. It says, quote, only by an amendment listed in Subsection C that lowers the applicable guideline range. It couldn't be any clearer as to what triggers the eligibility to be heard in the district court on a resentencing. And that is controlling because it's not unconstitutional. The argument that counsel makes, although he doesn't say it explicitly, but the argument is that Booker itself somehow triggers his jurisdictional capability to be beat back before the district court. And this circuit has clearly decided that Booker alone does not trigger a resentencing under 3852. The Carrington case stands for that proposition. Counsel cites that and acknowledges that in his reply brief. Furthermore, Hicks, the dicta in Hicks, talks about how Booker itself doesn't trigger 3852 jurisdiction. Am I correct that Carrington was vacated and is still under consideration? I'm not aware. It was returned to the district court for different reasons. The court in Carrington rejected the 3852C2 jurisdictional argument that the defendant made and returned it to the district court on an entirely different ground, Your Honor. Okay. I thought the petition had been, the rehearing had been granted and it had been vacated. Would that be true? If it has, Your Honor, I'm unaware of that. But I think from the proposition that Booker itself doesn't trigger 3852, 3582 jurisdiction, that it's very clear this circuit has taken that position, other circuits have taken that position, and the dicta in Hicks is clear on that point, that it isn't Booker that gets the defendant into court. So we ask the court to affirm the district court on the basis of the argument we've presented, the lack of jurisdiction, and that the secondary argument here, the application of Booker under Hicks, we don't get there because we don't get into the door of a re-sentence. Thank you very much. Thank you, counsel. Thank you, Your Honor. Just two points in response. First, the, while I would agree that Booker alone does not provide jurisdiction, the issue is whether the, here is that Mr. Arantes was in the court under the retroactive amendment 505, which triggers the application of Booker. Harrington cited by the government, although making its ultimate decision on different grounds, did indicate a recognition that sentencing guidelines were unconstitutional all along. The other thing that I would, while the government did not argue this jurisdictional argument earlier, I think that I cannot overemphasize the point that what the government's jurisdictional argument does is turn the analysis on its head, which is essentially by saying that when we look at the amendment, which allows you to recalculate the entire guideline range, and the amendment allows the defendant to be in court under Booker properly, then the entire sentencing calculation and the range is looked at under Booker. Thank you. Thank you, counsel. Case disargued will be submitted.
judges: Reinhardt, Hall, M. Smith